IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARVIN R. SWICHTENBERG, JR., | ) |
| Petitioner, | ) No. CV 06-239-PHX-ROS (BPV) |
| vs. | ) |
| | ) **REPORT AND** |
| DORA B. SCHRIRO, ET AL., | ) **RECOMMENDATION** |
| Respondents. | ) |

On January 19, 2006, Marvin R. Swichtenberg, Jr., ("Petitioner"), an inmate confined by the State of Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition").

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). Named as Respondent in the Petition is Dora B. Schriro. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on March 8, 2006, with exhibits A through S attached.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Petition.

...

...

...

...

# FACTUAL AND PROCEDURAL BACKGROUND

*Trial court proceedings*

On March 27, 1995, a grand jury in the Superior Court of the State of Arizona, Maricopa County, indicted Petitioner, Marvin Richard Swichtenberg, Jr., on two counts each of sexual abuse, a Class 2 felony, and molestation of a child, a Class 3 felony. (Ex. A.)[1] All four counts were charged as "dangerous crimes against children." (*Id.*)

Petitioner entered a plea agreement with the State on June 6, 1995. Petitioner agreed to plead guilty to Amended Counts I and II, attempted sexual abuse and attempted molestation of a child, both Class 3 felonies, dangerous crimes against children, and nondangerous, nonrepetitive offenses. The State agreed to dismiss Counts III and IV. (Ex. B.)

The parties further agreed to a stipulated sentence of 15 years in the Department of Corrections ("DOC") on Count I and lifetime probation on Count II. The parties also stipulated that Petitioner would abide by all sex offender terms and conditions of probation, and would have no contact with the victim unless approved by the Adult Probation Department. (*Id.*)

The plea was entered and accepted before the trial court on June 6, 1995. (Ex. C, D.) On August 4, 1995, the trial court sentenced Petitioner to the stipulated sentence of fifteen years in DOC on Count 1, with 140 days credit for presentence incarceration. The trial court sentenced Petitioner to lifetime supervised probation on Count II, to begin running upon his release from DOC. (Ex. F, G.) The trial court informed Petitioner at the time of sentencing that he had ninety days with which to file for post-conviction relief. (Ex. F, p. 8.)

---

[1] All exhibit references are references to the exhibits attached to the Government's Answer to the Petition unless otherwise indicated.

- 2 -

*First Petition for Post-Conviction Relief*

Petitioner filed a pro per petition for post-conviction relief in state court on April 30, 1996. (Ex. H.) Petitioner also moved for the appointment of counsel on the petition. (Petitioner's Motion to Show Equitable Tolling, Ex. A, B.) The trial court noted that the petition was untimely, but ordered that the petition be processed on the issues of whether the failure to file a timely petition was without fault on Petitioner's part. (Ex. I.) The trial court further ordered granting the Petitioner's request to proceed pro se[2], and was advised that an amended petition, if any, was to be filed within sixty days. (*Id.*)

On August 13, 1996, the trial court granted Petitioner an additional 30 days to fil an amended petition. (Ex. J.) On October 9, 1996, the trial court considered Petitioner's Motion for Extension of Time to File an Amended Petition for Post-Conviction Relief and entered an order granting the motion and granting the Petitioner's request for preparation of the record. (Ex. K.) On November 26, 1996, the trial court ordered the court reporters to prepare transcripts of the change of plea hearings and sentencing hearings. (Ex. L.)

On September 25, 1997, the trial court noted that seven months had elapsed since the transcripts had been prepared and filed and no amended Petition for Post-Conviction Relief had been filed. (Ex. M.) The trial court dismissed the post-conviction relief proceeding for failure of Petitioner to prosecute. (*Id.*)

*Second Petition for Post-Conviction Relief*

Petitioner filed a notice of post-conviction relief on August 10, 2001. (Ex. N.) On August 27, 2001, the trial court dismissed the successive notice, stating that all of Petitioner's claims should have been raised in the prior post-conviction relief

---

[2] It is not clear if the trial court was not aware of Petitioner's Motion to Appoint Counsel, or misconstrued the motion.

- 3 -

proceeding, and Petitioner is therefore precluded from further relief pursuant to Rule 32.2(a) of the Arizona Rules of Criminal Procedure.  (Ex. O.)

*Petition for Review*

Petitioner's Petition for Review was denied without opinion on September 11, 2002.  (Ex. P.)

*Third Petition for Post-Conviction Relief*

Petitioner filed a third petition for post-conviction relief in state court on October 15, 2005.  (Ex. Q.)

The trial court dismissed the petition, finding the claims precluded from relief pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure, because the claims either were or should have been raised in the first Rule 32 of-right proceedings.  (Ex. R.)

*Second Petition for Review*

Petitioner's Petition for Review of the trial court's denial of the third petition for post-conviction relief was denied without opinion on January 28, 2005.  (Ex. S.)

Petitioner filed the present Petition for Writ of Habeas Corpus on January 19, 2006 (Document # 1).  Respondents filed an Answer on March 8, 2006. (Document # 7.)  On May 1, 2006, Petitioner submitted a Motion to Show Equitable Tolling and Antiterrorism and Effective Death Penalty Act Non-Applicability" (Document # 10), construed by this Court as a Reply.

## **DISCUSSION**

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Courts's standard of review is described as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

- 4 -

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds *Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir. 1998)(en banc). The Ninth Circuit has noted that determinations of "whether there are grounds for equitable tolling are highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288). The threshold necessary to trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

## Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Petitioner had until one year after his conviction became final to file his federal petition.

Petitioner's conviction became final on August 4, 1995, the day Petitioner was sentenced by the trial court. See Ariz.R.Cri.P. 17.1(e); *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054, 1055 (9th cir. 2004) (Conviction becomes final at sentencing because entry of guilty plea waives right to appeal under Arizona law.)

For petitioners whose convictions became final before passage of the AEDPA, the one-year period began running on April 25, 1996, the day after the statute's effective date, and expired on April 24, 1997, unless it was tolled. *See Carey v. Saffold,* 536 U.S. 214, 217 (2002).

The limitations period began running on April 25, 1996 and ran for 4 days until it was tolled on April 30, 1996, when Petitioner filed his petition for post-conviction relief[3]. The tolling period ended when the petition was denied on September 25, 1997,

---

[3]  Although Respondents concede that the first petition for post-conviction relief tolled the statutory limitations period, the trial court found the petition "untimely," although the trial court ultimately dismissed the petition for "failure to prosecute." Because this Court finds that, even if the petition were not "properly pending" for purposes of statutory tolling of the limitations period, the period would be equitably tolled for the grounds set forth in Petitioner's

- 6 -

and the limitations period began running on September 26, 1997.[4] The limitations period ended 361 days later, on September 21, 1998.

The second petition for post-conviction relief was filed on August 10, 2001, after the limitations period had already lapsed. The filing of the second petition could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner argues as grounds for equitable tolling that the trial court failed to appoint counsel or rule on the merits of Petitioner's first petition for post-conviction relief.

Petitioner does not make a sufficient showing that these are "extraordinary circumstances" that caused the untimely filing of his Petition. Petitioner filed his federal Petition more than seven years beyond the limitations period. The record indicates that Petitioner was in possession of his legal files and the court ordered transcripts. Petitioner failed to challenge the trial court's failure to appoint counsel, and although the trial court was willing to consider and address the untimeliness issues surrounding the first petition for post-conviction relief, Petitioner, after requesting motions for extension of time to submit documents, failed to do so. Had Petitioner believed the trial court failed to appoint counsel in error, or even dismissed the petition

---

reply, this Court does not address the issue of whether the Respondents correctly calculated the period as statutorily tolled.

[4] Because Petitioner's subsequent petition was not limited to an elaboration of the facts related to the claims in the first petition, the second petition for post conviction relief constitutes a new round, and the gap between the denial of the first petition and the new petition is not tolled. *See King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (New petition construed as part of the first full round if the petitioner is simply attempting to correct deficiencies attendant to the first petition.)

- 7 -

in error, the time for Petitioner to raise those concerns was at the time the trial court ruled, not eight years later before the District Court.

Even if Petitioner requested counsel to file a notice of post-conviction relief, and even if the trial court failed to appoint counsel for the purposes of filing a petition for post-conviction relief, and this would constitute extraordinary circumstances; the record demonstrates that Petitioner did not act with reasonable diligence during the entire period that he wishes to have tolled.

This Court finds equitable tolling appropriate for the four days that elapsed between April 24, 1996 and April 30, 1996, and, further, throughout the period in which his first petition for post-conviction relief was pending, thus extending the limitations period until September 25, 1998. Petitioner has failed to make a sufficient showing, however, that "extraordinary circumstances" and reasonable diligence warrant further equitable tolling of AEDPA's statute of limitations.

Accordingly, the Magistrate Judge finds that the Petition is time-barred. The Magistrate Judge does not reach the Petitioner's or Respondent's alternate arguments concerning procedural default or the merits of this case.

## **RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CV 06-0239-PHX-ROS.

DATED this 14th day of September, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge