IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin R. Swichtenberg, Jr., | CV 06-239-PHX-ROS |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

On January 19, 2006, Petitioner filed a petition for writ of habeas corpus. (Doc. 1) Respondents argued in their answer that the petition was not timely. (Doc. 7) Magistrate Judge Bernardo P. Velasco informed Petitioner of the timeliness issue and gave him an opportunity to present arguments regarding equitable tolling. (Doc. 9) Petitioner filed a motion titled "Motion to Show Equitable Tolling." (Doc. 10) That filing, however, addressed the merits of Petitioner's claims, not the timeliness issue.

On September 15, 2006, the Magistrate Judge issued a Report and Recommendation ("R&R") setting forth the history of Petitioner's underlying convictions and subsequent state court proceedings. (Doc. 11) Based on that history, the Magistrate Judge concluded the petition was untimely and recommended that the petition be dismissed. Petitioner filed objections to the R&R. The objections, however, do not focus on the issue of timeliness.

1  After a Magistrate Judge submits a R&R, the parties have ten days in which to file any
2  objections.  28 U.S.C. § 636(b)(1).  The Court is required to "make a de novo determination
3  of those portions of the report or specified proposed findings or recommendations to which
4  objection is made."  Id.  After evaluating the Magistrate Judge's Report and
5  Recommendation, as well as the objections filed by either party, a district judge "may accept,
6  reject, or modify, in whole or in part, the findings or recommendations made by the
7  magistrate judge."  Id.

8  The Court agrees with the Magistrate Judge's finding that the petition was not timely
9  filed.  Petitioner's first Petition for Post-Conviction Relief in state court was denied on
10  September 25, 1997.  Petitioner took no further action regarding his case until August 10,
11  2001 and did not file his federal petition until January 19, 2006.  Because the statute of
12  limitations is one year, the petition is untimely absent a showing that equitable tolling should
13  apply.  See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005)
14  ("[E]quitable tolling of AEDPA's one-year statute of limitations is available in this Circuit
15  . . . .").  "A litigant seeking equitable tolling bears the burden of establishing two elements:
16  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
17  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The
18  Magistrate Judge correctly concluded Petitioner did not establish either of these elements.
19  The petition will be dismissed.

20  Accordingly,

21  **IT IS ORDERED** the Report and Recommendation (Doc. 11) is **ADOPTED** and this
22  case is **DISMISSED WITH PREJUDICE**.

24  DATED this 20th day of November, 2006.

_____
Roslyn O. Silver
United States District Judge